UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN MCCURTIS,

     Plaintiff,                                          Case No.

v.                                                Hon.

JONATHAN HENRY,
MARK BESSNER,
RONALD COURTLEY,
BENJAMIN GARRISON,
JOHN DOES,                                 **JURY TRIAL DEMANDED**
in their individual capacities,
jointly and severally,

     Defendants.

_____

Law Office of Matthew S. Kolodziejski, PLLC
Matthew S. Kolodziejski (P71068)
Attorney for Plaintiff
500 Griswold Street, Suite #2340
Detroit, MI 48226
(313) 736-5060
mattkolo@comcast.net

_____

There is no other civil action between these parties arising out of the same transaction or occurrence alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Martin McCurtis, by and through his attorney, Matthew S.

Kolodziejski, and complains against the above-named Defendants as follows:

### JURISDICTION AND VENUE

1)     This is an action for monetary damages brought by the Plaintiff, Martin McCurtis, against

the above-named Defendants pursuant to 42 U.S.C. § 1983 and Michigan state law.

1

2)    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and has

       supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

3)    Venue is properly brought in this court pursuant to 28 U.S.C. § 1391(b), as the claims

       arose in the Eastern District of Michigan.

4)    The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive

       of costs, interest, and attorney fees.

## PLAINTIFF AND DEFENDANTS

5)    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

6)    At all times relevant to this Complaint, Plaintiff was and is a resident of Michigan.

7)    At all times relevant to this Complaint, Benjamin Garrison, Jonathan Henry, Mark

       Bessner, and Ronald Courtley, collectively ("Defendants"), were Michigan State Police

       Troopers employed through the Michigan Department of State Police.

8)    The names of the John Does are presently unknown to Plaintiff.

9)    At all times relevant to this Complaint, the named Defendants were acting within the

       scope and course of their employment and under color of law.

10)   The Defendants are being sued in their individual capacities.

## GENERAL ALLEGATIONS

11)   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

12)   The incident complained of in this lawsuit occurred on September 28, 2013 in the City

       of Detroit, County of Wayne, State of Michigan.

13)   On that date Plaintiff accompanied several individuals to Sinai Grace Hospital in Detroit.

14)   The Defendants approached Plaintiff as he was standing just outside of the emergency

room entrance.

15)     The Defendants did not observe Plaintiff commit any crime.

16)     The Defendants suddenly and violently seized Plaintiff by tackling and throwing him to

        the ground.

17)     Defendant Henry unnecessarily deployed his Taser into Plaintiff's back and body at least

        three (3) to four (4) times as Plaintiff was lying defenseless on the ground.

18)     Defendant Bessner repeatedly struck Plaintiff's body and gratuitously kneed him in his

        face and head multiple times as Plaintiff was lying defenseless on the ground.

19)     The other Defendants joined in the unprovoked physical assault of Plaintiff.

20)     Plaintiff was unarmed and posed no risk of physical harm to any of the Defendants.

21)     The Defendants then arrested Plaintiff without a warrant or probable cause to believe that

        he had committed any crime.

22)     Plaintiff was transported to Detroit Receiving Hospital and treated for the physical

        injuries that were inflicted upon him by the Defendants.

23)     After being released from Detroit Receiving Hospital Plaintiff was transported to the

        Detroit Detention Center and jailed.

24)     The Defendants sought a warrant from the Wayne County Prosecutor's Office against

        Plaintiff for a felony charge of resisting and obstructing a police officer.

25)     After reviewing the evidence the Wayne County Prosecutor's Office refused to authorize

        a warrant against Plaintiff.

26)     After several days Plaintiff was released from jail without being charged with any

        criminal offense.

27)     All Defendants either directly participated in, and/or failed to intervene, prevent, or stop

the excessive physical force, unreasonable seizure, false arrest, and false imprisonment that was inflicted upon Plaintiff despite having the ability to do so.

28) As a direct and proximate result of the Defendants' unlawful actions, Plaintiff suffered the loss of his liberty and cherished constitutional rights, physical pain and injures, humiliation, emotional trauma, and additional damages as set-forth more fully below.

**COUNT I**
**42 U.S.C. § 1983 – Excessive Force**

29) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

30) The Defendants acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of his right to be free from excessive physical force and gratuitous violence, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

31) The Defendants directly participated in, and/or failed to intervene, prevent, and stop the excessive physical force inflicted upon Plaintiff despite having the ability to do so.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

**COUNT II**
**42 U.S.C. § 1983 – Unreasonable Seizure/False Arrest**

32) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

33) The Defendants acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of his right to be free from a seizure of his person without reasonable suspicion to believe that he had committed any crime, as guaranteed by the

4

Fourth and Fourteenth Amendments of the United States Constitution.

34)     The Defendants acted under color of law but contrary to law, and intentionally and
unreasonably deprived Plaintiff of his right to be free from arrest without probable cause
to believe that he had committed any crime, as guaranteed by the Fourth and Fourteenth
Amendments of the United States Constitution.

35)     The Defendants directly participated in, and/or failed to intervene, prevent, and stop the
unreasonable seizure and false arrest of Plaintiff despite having the ability to do so.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally,
for compensatory and punitive damages in whatever amount the jury may determine, plus costs,
pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.


### COUNT III
### 42 U.S.C. § 1983 – False Imprisonment

36)     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37)     The Defendants acted under color of law but contrary to law, and intentionally and
unreasonably deprived Plaintiff of his right to be free from imprisonment without
probable cause to believe that he had committed any crime, as guaranteed by the Fourth
and Fourteenth Amendments of the United States Constitution.

38)     The Defendants directly participated in, and/or failed to intervene, prevent, and stop the
false imprisonment of Plaintiff despite having the ability to do so.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally,
for compensatory and punitive damages in whatever amount the jury may determine, plus costs,
pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT IV
### 42 U.S.C. § 1983 – Conspiracy

39)   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

40)   The Defendants acted under color of law but contrary to law, and unlawfully conspired to

deprive Plaintiff of his right to be free from excessive physical force, false arrest, and

false imprisonment, as guaranteed by the Fourth and Fourteenth Amendments of the

United States Constitution.

41)   By failing to intervene, prevent, stop, and/or report the excessive physical force, false

arrest, and false imprisonment inflicted upon Plaintiff, the Defendants engaged in a

conspiracy to cover up their illegal conduct and to deprive Plaintiff of his rights under the

Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally,

for compensatory and punitive damages in whatever amount the jury may determine, plus costs,

pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

.

### STATE LAW CLAIMS

### COUNT V
### Assault and Battery

42)   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

43)   The Defendants intentionally threatened or caused Plaintiff to be threatened with and

suffer unnecessary, excessive, and unconsented physical contact.

44)   The physical contact and/or threat of contact was unnecessary and excessive, and was

done without legal justification.

45)   The Defendants' actions were malicious and undertaken in bad faith.

46)   As a direct and proximate cause of the assaults and batteries that the Defendants inflicted

upon Plaintiff he sustained injuries and damages.

47)     The Defendants' actions were so egregious and outrageous that Plaintiff's damages were

heightened and made more severe, thus he is entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally,

for compensatory and exemplary damages in whatever amount the jury may determine, plus

costs, pre-judgment and post-judgment interest, and actual attorney fees.

**COUNT VI**
**Intentional Infliction of Emotional Distress**

48)     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

49)     The Defendants' actions were intentional and reckless, and amounted to conduct that was

extreme and outrageous.

50)     The Defendants' conduct defied all possible bounds of decency, and is considered

atrocious and intolerable in a civilized society.

51)     The Defendants' actions were malicious and done in bad faith.

52)     As a direct and proximate result of the Defendants' unlawful actions, Plaintiff suffered

severe emotional distress.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally,

for compensatory and exemplary damages in whatever amount the jury may determine, plus

costs, pre-judgment and post-judgment interest, and actual attorney fees.

**DAMAGES**

53)     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

54)     As a direct and proximate result of the actions of all Defendants as stated within this

Complaint, Plaintiff suffered injuries and damages, including, but not limited to:

    a.   Loss of his liberty and cherished constitutional rights;

    b.   Physical injuries;

    c.   Pain and suffering;

    d.   Emotional distress and mental anguish;

    e.   Damage to his reputation;

    f.   Loss of enjoyment of life;

    g.   Medical bills and expenses;

    h.   Other damages currently unascertainable;

    i.   Actual costs and attorney fees.

## CONCLUSION AND RELIEF REQUESTED

55)    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

    WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for compensatory, exemplary, and punitive damages in whatever amount the jury may determine, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

    **PLAINTIFF DEMANDS A JURY TRIAL**

                  Respectfully submitted,


                  /s/Matthew S. Kolodziejski
                  Law Office of Matthew S. Kolodziejski, PLLC
                  Matthew S. Kolodziejski (P71068)
                  Attorney for Plaintiff
                  500 Griswold Street, Suite #2340
                  Detroit, MI 48226
                  (313) 736-5060
                  mattkolo@comcast.net

Dated: December 28, 2013